UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANI GAGE,<br>Plaintiff,<br>v.<br>GLENDA NELSON, individually and as Tribal Chairwoman, et al.,<br>Defendants. | No. 2:26-cv-3005 DJC AC PS<br><br>ORDER and<br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed with IFP status (ECF No. 2) will therefore be granted. Plaintiff also filed a motion for a temporary restraining order. ECF No. 3. However, the undersigned recommends that this case be dismissed for lack of federal jurisdiction, and accordingly, also recommends that the motion for a temporary restraining order be denied.

## I. Screening

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the

complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at

678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff is an individual living as a long-term tenant under a 5-year lease agreement in HUD-assisted housing and is a "verified lineal descendant with 100% DNA bloodline documentation." ECF No. 1 at 3. Defendant Glenda Nelson is a Tribal Chairwoman and chairperson for Feather River Tribal Health, Inc., as well as an official on various tribal boards and committees. Id. Defendant Phil Bush is the Housing Director for Enterprise Rancheria Housing Authority and chairman of the Nevada/California Indian Housing Association. Id. Defendant Donna Rodriguez is the Tribal Enrollment Specialist Program Manager. Id. at 4. Defendant Christy Anderson is an administrative housing clerk and specialist for the tribal housing authority infrastructure, and defendant Shari Goodwin is a fiscal/grants manager. Id. All defendants are sued in both their personal and official capacities.

Plaintiff alleges that defendants knowingly authorized an individual who is not Native American to reside within the tribal housing infrastructure, to the detriment of the community. Id. at 5. While this non-tribal person was on the property to visit his children, he explicitly threatened plaintiff's life and the life of plaintiff's minor son's companion animal, and he subsequently killed the child's cat. Id. Defendants knew that the non-tribal member was an ongoing threat, but did nothing to remove him from the property, and in fact granted him an unauthorized "daytime access pass." Id. at 5-6. Plaintiff sued in state court, and the Bute County Superior Court dismissed her case with prejudice due to tribal sovereign immunity. Id.

Plaintiff asserts that this case is not impacted by the state court determination and is authorized by the Federal Grantee Whistleblower Protection Act, 41 U.S.C. § 4712. Id. at 6-7. Plaintiff brings claims for (1) violation of the Federal Grantee Whistleblower Protection Act, (2) violation of the Indian Civil Rights Act, (3) civil conspiracy to obstruct justice and evidence spoliation, (4) Interference with Contract and Lease/Constructive Lockout, and (5) Intentional

Infliction of Emotional Distress (IIED). Id. at 10-12.

B. Analysis

1. Overview: Federal Jurisdiction

Plaintiff's complaint must be dismissed because she does not state a viable federal cause of action and there is no basis for federal court jurisdiction. "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)." These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively. Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 438 (2019). Here, the complaint alleges federal jurisdiction based on two federal claims, but neither of the federal claims are viable or potentially viable, for the reasons explained below. Because there is no diversity between the parties, there is no potential basis for federal jurisdiction over this case.

2. Federal Grantee Whistleblower Protection Act

The statute plaintiff describes as the "Federal Grantee Whistleblower Protection Act," 41 U.S.C. § 4712, is not applicable to this case based on the facts alleged. This statute, which is part of the National Defense Authorization Act, provides as follows:

> An employee of a contractor, subcontractor, grantee, subgrantee, or personal services contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to [certain designated persons] information that the employee reasonably believes is evidence of gross mismanagement of a Federal contract or grant, a gross waste of Federal funds, an abuse of authority relating to a Federal contract or grant, a substantial and specific danger to public health or safety, or a violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or grant.

41 U.S.C. § 4712(a)(1). This statute's "prohibition on discrimination should be interpreted as covering only actions that, like a discharge or a demotion, are naturally understood as carried out by an employer against an employee—or, at the very most, similar adverse actions taken by a person or entity able to exercise similar authority over the aggrieved party." Angeline v. ATCS,

PLLC, 813 F. Supp. 3d 112, 118 (D.D.C. 2025). Plaintiff does not allege that she is an employee of a government contractor, subcontractor, grantee, subgrantee, or personal services contractor. This statute is simply inapplicable to the facts of this case, and this cause of action cannot proceed.

3. Indian Civil Rights Act

The Indian Civil Rights Act ("ICRA") has two objectives: "[i]n addition to its objective of strengthening the position of individual tribal members vis-à-vis the tribe, Congress also intended to promote the well-established federal policy of furthering Indian self-government." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 62 (1978)(internal citation omitted). "Tribal forums are available to vindicate rights created by the ICRA . . . Tribal courts have repeatedly been recognized as appropriate forums for the exclusive adjudication of disputes affecting important personal and property interests of both Indians and non-Indians." Id. at 65. The only express private cause of action available for review in federal court under ICRA is for habeas corpus relief "to test the legality of [a] detention by order of an Indian tribe." 25 U.S.C.A. § 1303. "Because § 1303 provides the *exclusive federal remedy* for tribal violations of the ICRA, unless a petitioner is in "detention by order of an Indian tribe," the federal courts lack jurisdiction over an ICRA challenge and [plaintiff's] complaint must be brought in tribal court." Tavares v. Whitehouse, 851 F.3d 863, 866 (9th Cir. 2017) (emphasis added). Accordingly, plaintiff's cause of action under ICRA cannot proceed.

4. Conspiracy to Obstruct Justice

Plaintiff's claim of conspiracy to obstruct justice and spoliate evidence is untethered to any specific state or federal law. ECF No. 1 at 10-11. Plaintiff alleges that defendants conspired to systematically track plaintiff and execute an illegal exile, and to destroy records immediately following a judicial order, causing her severe damage. Id. To the extent plaintiff intends to rely on 42 U.S.C. § 1985(2), that statute concerns access to state or territorial courts and provides for a cause of action where "two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws[.]" This statue is inapplicable here,

because "[it] is well-settled that the 'equal protection' language of the second clause of section 1985(2) [requires] an allegation of class-based animus for the statement of a claim under that clause." Portman v. County of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993). Plaintiff alleges no class based animus, and indeed, she does not even allege that she was deprived of fair treatment in state court. Instead, the alleged facts relate to actions defendants allegedly took in response to a court order. Plaintiff does not identify a legal basis for her obstruction of justice claim, and the court is aware of an applicable federal law that would support any claim based on the facts alleged. Accordingly, this claim cannot proceed.

5. Interference with Contract and Intentional Infliction of Emotional Distress

Plaintiff's remaining claims are based in state law, and without a federal cause of action, the court declines to consider them. Because plaintiff has failed to state a cognizable claim for relief under federal law, the court should decline to exercise supplemental jurisdiction over plaintiff's putative state law fraud claim. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction).

6. Tribal Sovereign Immunity

Although not a basis or dismissal because the defense is waivable, the court notes for plaintiff's benefit that her suit against tribal employees in their official capacities is most likely barred by tribal sovereign immunity. "Tribal sovereign immunity 'extends to tribal officials when acting in their official capacity and within the scope of their authority.'" Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 727 (9th Cir. 2008) (quoting Linneen v. Gila River Indian Community, 276 F.3d 489, 492 (9th Cir. 2002)). Tribal sovereign immunity extends beyond tribal officials to employees of a tribe acting in their official capacities and within the scope of their authority. Cook, 548 F.3d at 727. "The principles that motivate the immunizing of tribal officials from suit—protecting an Indian tribe's treasury and preventing a plaintiff from bypassing tribal immunity merely by naming a tribal official—apply just as much to tribal employees when they are sued in their official capacity." Id. To the extent defendants are sued in their individual capacities, plaintiff fails to state a claim upon which relief can be granted.

**II. Leave to Amend**

Plaintiff's complaint is fatally flawed because it does not and cannot present a cognizable federal cause of action. No amendment can remedy this defect. Though a pro se plaintiff is generally entitled to an opportunity to correct defects in a complaint by amendment, that step is not appropriate where, as here, the defects cannot be cured because the federal causes of action stated are legally unavailable. Noll, 809 F.2d at 1448.

**III. Pro Se Plaintiff's Summary**

Your request to proceed without paying the filing fee has been granted. However, it is recommended that your case be dismissed and that your motion for a temporary restraining order be denied because your federal claims cannot succeed. You do not have any right to bring a claim under the Indian Civil Rights Act because that statute does not allow for civil claims like yours to be heard in federal court. You cannot bring a Federal Grantee Whistleblower claim because that statute is for employees of contractors, not for people benefiting from a federal grant or using a federal grant. The facts you allege to support an obstruction of justice claim do not support any available federal claim. Without any federal cause of action, this case cannot move forward in federal court. If you disagree with this recommendation, you can file objections within 21 days. The District Judge will make the final decision.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 3) be DENIED and that this case be DISMISSED for lack of federal jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 16, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE