UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANI GAGE,<br>Plaintiff,<br>v.<br>GLENDA NELSON, et al.,<br>Defendants. | No. 2:26-cv-3005 DJC AC (PS)<br><br>ORDER |

Plaintiff, who is proceeding in pro se and in forma pauperis, filed a complaint and motion for a temporary restraining order on September 4, 2026. ECF Nos. 1, 3. The undersigned submitted Findings and Recommendations recommending that the complaint be dismissed and the motion be denied for lack of federal jurisdiction. ECF No. 4. While the F&Rs were pending, plaintiff filed an amended motion for a temporary restraining order (ECF No. 5), a motion to appoint counsel (ECF No. 7), and a motion to expedite (ECF No. 11).

**I. Motion to Appoint Counsel**

Plaintiff requests that the court appoint counsel, asserting her case is very complex, and that she has a complete lack of funds. ECF No. 7 at 2. In civil cases, a pro se litigant's access to court-appointed counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining whether "exceptional

circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time. Plaintiff's case is not overly complex. See ECF No. 1. Further, the fact that there is a pending recommendation that this case be dismissed for lack of federal jurisdiction indicates that the likelihood of success on the merits is low. Appointment of counsel therefore is not appropriate.

## II. Restraining Order Related Motions

While the findings and recommendations to dismiss this case were pending, plaintiff filed an amended motion for a temporary restraining order (ECF No. 5) and a motion to expedite ruling on that motion (ECF No. 11). Both of these motions were prematurely filed. Further, the court has reviewed the amended motion and finds it does not materially differ from the motion at issue in the pending findings and recommendations. Accordingly, the motion to expedite will be denied, and the revised motion for a temporary restraining order will be rejected and vacated as premature without prejudice to re-filing if the pending findings and recommendations are rejected.

## III. Conclusion

For the reasons est forth above, plaintiff's motion to appoint counsel (ECF No. 7) and motion to expedite (ECF No. 11) are DENIED.

Plaintiff's amended motion for a temporary restraining order (ECF No. 5) is VACATED as premature, without prejudice to re-filing following a ruling on the pending Findings and Recommendations (ECF No. 4).

IT IS SO ORDERED.

DATED: November 12, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE